UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TRACY A. K., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-cv-04231-SLD-JEH |
| | ) |
| KILOLO KIJAKAZI,[1] | ) |
| | ) |
| Defendant. | ) |

ORDER

Before the Court is Petitioner Meredith E. Marcus's—attorney for Plaintiff Tracy A. K.—petition for attorney's fees pursuant to § 206(b)(1), ECF No. 22; Petitioner's motion for leave to file a reply in support of the petition, ECF No. 26; Tracy's motion to amend the petition, ECF No. 27; and Petitioner's amended reply, ECF No. 30, construed as a motion to amend the proposed reply attached to the motion for leave to file a reply. For the following reasons, the petition for attorney's fees is GRANTED IN PART, the motion for leave to file a reply is GRANTED, the motion to amend the petition is GRANTED, and the motion to amend the proposed reply is GRANTED.

BACKGROUND

On December 26, 2018, Tracy filed a complaint seeking review of the Acting Commissioner of Social Security's ("the Commissioner") final decision denying his claims for disability insurance benefits and supplemental security income. Compl. 1, ECF No. 1. The Court reversed the Commissioner's decision and remanded Tracy's case to the Commissioner for further proceedings. Sept. 11, 2019 Order 1–2, ECF No. 17. On April 21, 2021, Petitioner filed

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted for her predecessor. The Clerk is directed to update the docket accordingly.

her petition for attorney's fees pursuant to § 206(b)(1), stating that on remand, an administrative law judge ("ALJ") issued a decision in favor of Tracy and that the Social Security Administration awarded Tracy $98,237.00 in past-due benefits. Pet. Att'y Fee 1; *see also* Not. Award 4, ECF No. 22-1 (indicating that Tracy's past-due benefits amounted to $98,237.00). As Tracy agreed to pay his attorneys 25 percent of all past-due benefits, *see* Fee Contract 1–2, ECF No. 22-2, Petitioner sought 25 percent of $98,237.00—$24,559.25—as fees in the initial petition, Pet. Att'y Fee 1, 6. The Commissioner expressed concerns over an award of this amount and asked the Court to consider reducing it to a more reasonable amount. Resp. Pet. Att'y Fee 1, ECF No. 25. Petitioner requested leave to file a reply to the Commissioner's response, attaching the proposed reply. Mot. Leave File Reply.

On August 27, 2021, Tracy filed a motion to amend the petition for attorney's fees, seeking to amend the amount of total past-due benefits to include past-due benefits subsequently awarded to two auxiliary beneficiaries. *See* Mot. Amend Pet. 1–2; *see also* Am. Pet. Att'y Fee 1, ECF No. 27-1 (stating that Tracy was also awarded $27,024.00 in past-due benefits for auxiliary beneficiary Z. A. K. and $27,024.00 in past-due benefits for auxiliary beneficiary T. A. K.[2]). He requests a new figure—$38,071.25—as fees, an amount which constitutes 25 percent of the total past-due benefits awarded to him and his two auxiliary beneficiaries. Am. Pet. Att'y Fee 1–2, 6. The Commissioner opposes this new amount as well. Resp. Mot. Amend Pet. 7, ECF No. 29. Petitioner then filed an amended reply, Am. Reply, which the Court construes as a motion to amend the proposed reply attached to her motion for leave to file a reply.

---

[2] Based on the figures in the attached award notices from the Social Security Administration, it appears that Petitioner calculated the $27,024.00 awards referenced in the amended petition by subtracting the auxiliary beneficiaries' future monthly payment of $417.00 from the $27,441.00 in total past-due benefits indicated in the award notices. *See* Am. Not. Z. A. K. Award 5, ECF No. 27-2 at 8–12; Am. Not. T. A. K. Award 5, ECF No. 27-2 at 13–17. Because the Court ultimately grants Petitioner a fee award of less than the amount requested, *see infra* Section III, it need not inquire as to why Petitioner used this formulation to calculate the total amount of past-due benefits owed to Tracy and his auxiliary beneficiaries and simply uses the figure provided by Petitioner instead.

The Court previously granted Petitioner $4,857.12 in compensation for her work before the Court pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1). Nov. 18, 2019 Order 6, ECF No. 21. In the initial petition, Petitioner asked the Court to offset this amount from the § 406(b) fees it awarded her, Pet. Att'y Fee 6, but in the proposed amended petition, she indicates she will refund the $4,857.12 she received in EAJA fees to Tracy, Am. Pet. Att'y Fee 6.

## DISCUSSION

### I. Motion to Amend Petition

Tracy seeks to amend the petition for attorney's fees to increase the requested award from $24,559.25 to $38,071.25 to account for the past-due benefits subsequently awarded to his auxiliary beneficiaries. Mot. Amend Pet. 1–2. The Commissioner opposes the request for $38,071.25 in fees, arguing that this amount would constitute a windfall. Resp. Mot. Amend Pet. 2–7. The Court interprets this argument as opposition to the merits of the amended petition and not to the motion to amend itself. Accordingly, the motion to amend the petition is granted. The Court will address Commissioner's arguments opposing the increased amount on the merits.

### II. Motions for Leave to File Reply and to Amend the Proposed Reply

Prior to filing the motion to amend the petition, Petitioner filed a motion for leave to file a reply. Mot. Leave File Reply 1. After the motion to amend the petition was filed and the Commissioner responded to it, Petitioner filed an amended reply, Am. Reply, which the Court construes as a motion to amend the proposed reply attached to the motion for leave to file a reply. The Commissioner did not file any opposition to either the motion for leave to file a reply or the amended reply.

For all motions not for summary judgment, "[n]o reply to the response is permitted without leave of Court." Civil LR 7.1(B)(3). "Typically, reply briefs are permitted if the party opposing a motion has introduced new and unexpected issues in his response to the motion, and the Court finds that a reply from the moving party would be helpful to its disposition of the motion." *Shefts v. Petrakis*, No. 10-cv-1104, 2011 WL 5930469, at *8 (C.D. Ill. Nov. 29, 2011). A court may also permit a reply "in the interest of completeness." *Zhan v. Hogan*, Case No. 4:18-cv-04126-SLD-JEH, 2018 WL 9877970, at *2 (C.D. Ill. Dec. 18, 2018). The Court grants the motion to amend the proposed reply and, because the amended proposed reply would be helpful to the Court, grants the motion for leave to file a reply. The Court will consider the amended reply in its analysis.

### III.     Petition for Attorney's Fees

The Social Security Act allows a court to award "a reasonable fee for . . . representation" of a claimant who prevails in court. 42 U.S.C. § 406(b)(1)(A). This fee must not be "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." *Id.*; *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002) ("The fee is payable out of, and not in addition to, the amount of [the] past-due benefits." (alteration in original) (quotation marks omitted)). In considering whether the requested amount is reasonable, the court looks to the "character of the representation and the results the representative achieved." *See Gisbrecht*, 535 U.S. at 808. "If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Id.* And "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.*

In the amended petition, Petitioner asks for an award of $38,071.25.  Am. Pet. Att'y Fee 6.  This constitutes 25 percent of the total amount of past-due benefits awarded to Tracy and his auxiliary beneficiaries, which is consistent with the fee agreement.  *See* Fee Contract 1.[3]  Tracy's attorneys spent 22.7 hours litigating this case, with a further 5.2 hours spent by support staff.  Time Log 1–2, ECF No. 27-5.  Counting only the work performed by attorneys results in an effective hourly rate of $1,677.15; if the work performed by support staff is included, the effective hourly rate comes to $1,364.56.  The Commissioner argues Petitioner's requested $38,071.25 award would constitute a windfall because of the high effective hourly rate and because Petitioner increased the requested award to account for past-due benefits awarded to auxiliary beneficiaries without amending the time log to "show[] extensive effort, or any specific efforts, involved in recovering benefits for [Plaintiff's] auxiliaries."  Resp. Mot. Amend Pet. 2–5.  She also contends that work performed by support staff should be decreased by half to ensure that it is not compensated at the same rate as attorneys' work.  *Id*. at 2.

First, with Petitioner seeking an hourly rate well in excess of $1,000.00, the Court believes that treating the hours worked by attorneys and support staff as equivalent would not be appropriate.  While hours worked by support staff are compensable, should the Court award Petitioner her requested amount of $38,071.25 and treat attorney and support staff hours the same, the effective hourly rate for work performed by support staff would come to $1,364.56.  *See Jarrett v. Berryhill*, Cause NO. 3:14-CV-1952 RLM, 2017 WL 4325306, at *1–2 (N.D. Ind. Sept. 29, 2017) (noting that "[c]ourts have taken different approaches in considering non-attorney work in Section 406(b) fee awards" but affirming that the overall fee award should be reasonable).  The Court does not consider this figure to be reasonable; as such, to account for the

---

[3] The fee agreement attached to the amended petition, ECF No. 27-3, is identical to the fee agreement attached to the initial petition.

difference between work performed by attorneys and work performed by support staff, the Court reduces support staff hours by half, to 2.6, for a total of 25.3 hours. *See Bradley L. v. Kijakazi*, No. 1:20-cv-00323-JMS-TAB, 2021 WL 3931167, at *3 (S.D. Ind. Sept. 2, 2021) (finding that "non-attorney time [wa]s compensable at a rate of two non-attorney hours to one hour of attorney work" where including non-attorney hours equally would result in an effective rate of $1,895.31 per hour).

Next, while courts have taken different positions on whether to include benefits awarded to auxiliary beneficiaries in the award calculation, *see, e.g.*, *Miller v. Colvin*, No. 10-cv-569-bbc, 2014 WL 4437785, at *1 (W.D. Wis. Sept. 9, 2014) (including only 10 percent of the benefits awarded to each auxiliary beneficiary in the fee award because the plaintiff's counsel "ha[d] not suggested that the awards to the children were the result of any effort she would not have had to make on [the] plaintiff's behalf"), the Court concludes that accounting for the full amount of the benefits awarded to Tracy's auxiliary beneficiaries is appropriate here. *See Hopkins v. Cohen*, 390 U.S. 530, 534–35 (1968) (finding that § 206(b) fee awards are not restricted to 25 percent of the benefits due to only the claimant but also include the benefits owed to his dependents). This scenario was explicitly contemplated by the fee agreement, *see* Fee Contract 1 ("[R]epresentation in court will not cost me more than 25% of the past due benefits for my dependents, if applicable, and myself. The attorney may keep 25% of the past-due benefits if awarded by the court or the EAJA fee, whichever is the higher of the two."), and this Court has previously included benefits awarded to auxiliary beneficiaries when calculating reasonable § 406(b) fees, *see Bryan D. M. v. Kijakazi*, Case No. 4:18-cv-04195-SLD-JEH, 2021 WL 5868953, at *1–2 (C.D. Ill. Dec. 10, 2021).

The Court will thus evaluate whether awarding fees of $38,071.25—25 percent of the total past-due benefits awarded to Tracy and his auxiliary beneficiaries—is reasonable given 25.3 hours of work. The Court finds that this amount, which would result in an effective hourly rate of $1,504.79, would constitute a windfall. Petitioner undoubtedly achieved a great result for Tracy: over $150,000.00 in total past-due benefits and significant potential lifetime benefits. *See* Am. Pet. Att'y Fee 5; *see Mora v. Saul*, No. 1:18-cv-00739-SEB-TAB, 2019 WL 5566444, at *2 (S.D. Ind. Oct. 28, 2019) (considering the amount of benefits the plaintiff was awarded). Tracy's attorneys also have a lengthy history of representing claimants in Social Security cases. *See* Professional Qualifications, ECF No. 27-4; *see Hoover v. Saul*, CAUSE NO.: 1:16-CV-427-TLS, 2019 WL 3283047, at *2 (N.D. Ind. July 22, 2019) (considering the "[p]laintiff's attorney's years of experience" in evaluating the fee request). The contingent nature of such cases further supports a substantial fee award.[4] But the Court does not find that this case was so difficult or Petitioner's performance so extraordinary as to justify an effective hourly rate of $1,504.79. *See Taylor v. Berryhill*, No. 1:16-cv-03474-MJD-JMS, 2018 WL 4932042, at *2 (S.D. Ind. Oct. 10, 2018) ("Within the Seventh Circuit, fee awards equivalent to hourly rates ranging from $400 to $600 are consistently found to be reasonable.").

The Court acknowledges that some courts have granted fees with effective hourly rates greater than $1,504.79. *See, e.g*, *Kirby v. Berryhill*, No. 14 CV 5936, 2017 WL 5891059, at *1–2 (N.D. Ill. Nov. 29, 2017) (finding an effective rate of $1,612.28 appropriate); *David D. v. Saul*,

---

[4] A study cited by the Seventh Circuit Court of Appeals in 2011 suggested that only approximately 35 percent of Social Security cases appealed to district courts ultimately result in an award of benefits. *See Martinez v. Astrue*, 630 F.3d 693, 695 (7th Cir. 2011). An attorney who represents Social Security claimants is unlikely to get fees from most of his clients if few of them receive benefits. The amount he receives from clients who do get an award of past-due benefits, then, must be sufficient to incentivize him to represent the other clients for whom he may not get paid. *Cf. Rasmussen v. Colvin*, No. 10 C 2344, 2013 WL 4537316, at *3 (N.D. Ill. Aug. 27, 2013) ("Moreover, because only 35% of disability appeals result in benefit awards, Counsel's effective hourly rate for all Social Security disability claims cases handled is substantially less than the $998 per hour realized in this case." (citing *Martinez*, 630 F.3d at 695)).

No. 17 C 6822, 2020 WL 6747008, at *4 (N.D. Ill. Nov. 17, 2020) (effective hourly rate of $1,447.09). It declines, however, to follow their example and will instead reduce the effective hourly rate to $1,200.00, for a total award of $30,360.00, an amount and rate it finds more reasonable. *See Bradley L.*, 2021 WL 3931167, at *4–5 (reducing the effective hourly rate to $1,200.00 for attorney work and $600.00 for non-attorney work where "counsel provided excellent representation without delay" and secured past-due benefits of $117,130.00 for the plaintiff); *Jose R. v. Saul*, No. 17cv4954, 2020 WL 635911, at *5 (N.D. Ill. Feb. 11, 2020) (reducing the requested hourly rate from $2,407.52 to $1,203.76); *Evans v. Berryhill*, 12-cv-888-jdp, 2018 WL 835172, at *1–2 (W.D. Wis. Feb. 13, 2018) (reducing the effective hourly rate from more than $1,400 to $1,000 where the case did not "present[] any special challenges"). Such an award recognizes Tracy's attorneys' great work in handling this case and their significant experience in the field of Social Security, as well as the excellent results, while ensuring that Petitioner does not receive a windfall based on the large size of the award in comparison to the hours spent on the case. *See Gisbrecht*, 535 U.S. at 808.

Petitioner has already received $4,857.12 in attorney's fees pursuant to the EAJA. Nov. 18, 2019 Order 6. An attorney cannot recover fees under both 42 U.S.C. § 406(b) and the EAJA; he must either refund the amount awarded under the EAJA to the client or offset that amount from the requested § 406(b) award. *See Gisbrecht*, 535 U.S. at 796; *Lightner v. Saul*, Case No. 3:17-CV-00206-JD, 2020 WL 2219171, at *1 (N.D. Ind. May 7, 2020). In the amended petition, Petitioner indicates that she wishes to refund the $4,857.12 received in EAJA fees to her client. Am. Pet. Att'y Fee 6.

## CONCLUSION

Accordingly, the petition for attorney's fees, ECF No. 22, is GRANTED IN PART; the motion for leave to file a reply, ECF No. 26, is GRANTED; the motion to amend the petition for attorney's fees, ECF No. 27, is GRANTED, and the amended reply, ECF No. 30, construed as a motion to amend the proposed reply, is GRANTED.  Frederick J. Daley, Jr., as principal attorney of Daley Disability Law, P.C., is awarded $30,360.00 in attorney's fees to be paid out of Plaintiff Tracy A. K.'s past-due benefits.  Petitioner is directed to refund the $4,857.12 received in EAJA fees to Tracy.

Entered this 5th day of January, 2022.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
